# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VALERIE MCDONALD,

    Plaintiff(s),

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant(s).

Case No. 2:22-cv-01379-RFB-NJK

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**     ***In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that she disputed the accuracy of a bankruptcy notation on her credit report and that Defendant denied that dispute on several occasions. *See, e.g.*, Docket No. 1-1 at ¶¶ 11, 17. Plaintiff eventually discerned that the information furnisher was LexisNexis, who notified her that the bankruptcy could not be verified and that it was removed from their system. *Id.* at ¶ 15. Nonetheless, Defendant continued to deny Plaintiff's disputes on several additional occasions. *See id.* at ¶¶ 17-18. On May 16, 2022, Plaintiff disputed the bankruptcy notation for the fifth time and threatened legal action against Defendant, at which time the notation was finally removed from her credit report. *See id.* at ¶ 19. Plaintiff alleges that Defendant's course of conduct violated 15 U.S.C. § 1681i(a) because Defendant negligently or willfully failed to conduct a reasonable reinvestigation into whether the disputed information was accurate. *See id.* at ¶ 20. Plaintiff

alleges that Defendant's violation led to damage to her creditworthiness and, by extension, impaired her ability to provide for her family. *See id.* at ¶ 24. Particularly given Plaintiff's status as a *pro se* litigant, the Court finds that the complaint sufficiently alleges a cause of action for screening purposes. *Cf. White v. Navy Federal Credit Union*, 2018 WL 3729510, at *6 (S.D. Cal. Aug. 3, 2018) (denying motion to dismiss based on similar allegations).[1]

### III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). It appears that Plaintiff is also attempting to bring other claims through the complaint. The Court express no opinion as to the sufficiency of the pleading as to other claims.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for Defendant.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 22, 2022

_____
Nancy J. Koppe
United States Magistrate Judge